IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALINA CABANAS SANTIAGO, and SUAMY YANES SUARES<br><br>Plaintiffs,<br><br>vs.<br><br><br><br>BRYAN KEITH MITCHELL and SKYFIRE TRUCKING & HEAVY HAUL, INC.<br><br>Defendants. | §§§§§§§§§§§§§§§§§ | <br><br><br><br><br><br>CIVIL ACTION NO._____<br><br><br><br><br><br><br><br><br>JURY DEMANDED |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Skyfire Trucking & Heavy Haul, Inc. ("Skyfire") and Bryan Keith Mitchell ("Mitchell") (collectively "Defendants"), hereby remove this civil action from the 281st Judicial District Court of Harris County, Texas on the basis of diversity of citizenship. In support of this Notice, Defendants state the following:

### I. STATE PROCEEDING

1. On November 1, 2023, Alina Cabanas Santiago and Suamy Yanes Suares ("Plaintiffs") filed suit against Defendants in the 281st Judicial District Court of Harris County, Texas in Cause No. 202376190 styled "*Alina Cabanas Santiago and Suamy Yanez Suares v. Bryan Keith Mitchell and Skyfire Trucking & Heavy Hall, Inc.*", alleging claims of negligence.

### II. REMOVAL IS TIMELY

2. Defendants were served with notice of this suit on or after November 15, 2023. Defendants file this notice of removal within 30 days of receiving Plaintiff's Original Petition, making removal timely under 28 U.S.C. § 1446(b).

### III.   DIVERSITY JURISDICTION

3. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), which provides, " [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(l).

4. Removal is proper because there is complete diversity between the parties because the action is between "citizens of different states." 28 U.S.C. § 1332(a)(l).

5. Plaintiffs are citizens and residents of Texas.[1]

6. Skyfire is an Oklahoma corporation with its principal place of business in Oklahoma.  Skyfire is wholly owned by Casey Gardner and Tammy Shaw.  Casey Gardner is an individual who is a citizen and resident of Oklahoma.  Tammy Shaw is an individual who is a citizen and resident of Oklahoma.

7. Defendant Bryan Keith Mitchell is an individual who is a citizen and resident of Oklahoma.

8. Accordingly, both at the time of filing and at the time of removal, complete diversity exists in this case.

### IV.   AMOUNT IN CONTROVERSY

9. The amount in controversy in this case exceeds $75,000, excluding interest and costs.  Plaintiffs, in their Original Petition, assert that they "seek monetary relief over $250,000.00".[2]

### V.   EVIDENCE

10. Defendants offer the following evidence in support of the motion: (1) Exhibit A – Civil Cover Sheet (2) Exhibit B – Index of Matters Filed; (3) Exhibit C – Plaintiffs' Original Petition with Executed Process; (4) Exhibit D – Defendant Bryan Keith Mitchell's Original Answer; (5) Exhibit E - Defendant Skyfire Trucking & Heavy Haul, Inc.'s Original Answer; (7) Exhibit F – Docket Sheet; (7) Exhibit G – Counsel of Record.

---

[1] *See* Pl.'s Original Pet. at ¶¶ 2.1 and 2.2. Individuals are citizens of the state in which they are "domiciled," which is generally determined by the individual's residence and their intention to remain there. *See* EUGENE F. SCOLES ET AL., CONFLICT OF LAWS 251-52 (4th ed. 2004)

[2] *See* Pl's Original Pet. at ¶ 1.2. see *also Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66-67 (5th Cir. 2010) (explaining that the court may conclude that removal is proper if it is facially apparent that the claims are likely above the $75,000 threshold for diversity jurisdiction).

## VI. REMOVAL IS PROPER

11.     There is complete diversity between the Plaintiffs and Defendants and there is more than $75,000 in controversy.  Accordingly, this action is one over which the court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)-(c), and removal is proper pursuant to 28 U.S.C. § 1441.

## VII. THE VENUE REQUIREMENT IS MET

12.     Venue of this removed action is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the civil action was filed in Harris County, Texas, and the United States District Court, Southern District of Texas, Houston Division, embraces the place where that action is pending.

## VIII. FILING OF REMOVAL PAPERS

13.     Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal ("Notice of Filing") is contemporaneously being given to all adverse parties and filed with the 281st Judicial District Court of Harris County, Texas.

## IX. PAPERS FROM REMOVED ACTION

14.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders, and documents from the State Court Action are being filed with this Notice of Removal, attached in *globo* to Exhibit A (Index of Matters Filed).

## X. STATEMENT OF CONSENT

15.     Both Defendants appeared in the State Court Action on December 7, 2023.  They both have consented to removal.

## XI. CONCLUSION

16.     This action is removable pursuant to diversity jurisdiction because complete diversity exists between the Plaintiffs and all the Defendants, and none of the Defendants in this action are citizens of Texas.  In addition, the amount in controversy is in excess of $75,000.  *See* 28 U.S.C. § 1332(a). By this Notice of Removal, Skyfire and Mitchell do not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have in this action.  Skyfire and Mitchell intend no admissions of fact, law, or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Respectfully Submitted,

**TAUNTON SNYDER & PARISH**

*/s/ David U. Grant*
Keith R. Taunton
State Bar No. 1968110
David U. Grant
State Bar No. 24131881
777 North Eldridge Pkwy., Suite 450
Houston, Texas 77079
Tel - 713/961-5800
Fax - 713/993-2308
ktaunton@tsplaw.com
dgrant@tsplaw.com
**Attorneys for Defendants,
Bryan Keith Mitchell and Skyfire Trucking & Heavy Haul, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all parties and/or their counsel in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this December 15, 2023, as follows:

| | |
|---|---|
| Austin Gunnels | Via E-File: agunnels@manuelsolis.com |
| Stephen R. Walker | Via E-File: swalker@manuelsolis.com |
| Gregory J. Finney | Via E-File: gfinney@manualsolis.com |
| Juan A. Solis | Via E-File: jusolis@manuelsolis.com |
| Law Offices of Manuel Solis, PC | |
| 6705 Navigation Blvd. | |
| Houston, TX  77011 | |

*/s/ David U. Grant*
*David U. Grant*